NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINFORD HANSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No.: 17-316 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Linford Hanson's appeal for judicial review of a final decision issued on behalf of the Commissioner of the Social Security Administration ("Commissioner"), which denied his claim for disability insurance benefits. (ECF No. 1; *see also* ECF No. 22 ("Pl. Br.") 42 U.S.C. § 405(g); L. Civ. R. 9.1). The Commissioner has opposed Plaintiff's appeal. (ECF No. 27). After careful consideration of the administrative record, and submissions made in support of the instant appeal, the Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. (ECF Nos. 10 and 22). For the reasons set forth below, the Court affirms the final decision of the Commissioner.

### I. BACKGROUND[1]

On May 23, 2013, Plaintiff filed an application for disability insurance benefits ("DIB"). (R. at 175). The date that Plaintiff was last insured for the purposes of DIB is December 31, 2000 (R. at 107). Plaintiff alleged that he was disabled due to numbness in his left leg, which began in

---

[1] "R. at" refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 10.

1996 as a result of injuries sustained from a motor vehicle accident in 1993. (R. at 14, 189, 192). Plaintiff was 44 years old on his alleged disability onset date and approximately 49 year and eight months old on his date last insured ("DLI") (R. at 107). Plaintiff's application was denied, and he requested a hearing, which was conducted before Administrative Law Judge Beth Shillin ("ALJ") on March 10, 2015. (R. at 11-22, 26-101). Upon the completion of said hearing, ALJ determined that Plaintiff was not disabled and therefore ineligible for DIB. (R. at 11-22). Thereafter, Plaintiff filed a request to the Appeals Council for review of ALJ's decision. (R. at 7-10). The Appeals Council found no reason under the rules to review the ALJ's decision and denied Plaintiff's request for review making ALJ's determination that Plaintiff was not disabled the final decision of the Commissioner. (R. at 1-6). On August 8, 2017, Plaintiff filed this appeal. (Pl. Br.).

After consideration of the record, ALJ concluded that Plaintiff was not disabled, reaching said conclusion at step-five of a five-step sequential analysis. (R. at 11-22). At step-one, ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 1996. (R. at 16). At step-two, ALJ determined that Plaintiff's healed fracture of the symphysis pubis was a severe impairment. (R. at 16). Notwithstanding said finding, ALJ found at step-three that Plaintiff's "severe" impairments did not meet or equal a listed impairment under 20 C.F.R. § 416.920(a)(4)(iii), bringing the ALJ to step-four. (R. at 16-17). There, ALJ found Plaintiff had a residual functional capacity ("RFC") "to perform light work as defined in 20 CFR § 404.1567(b) except that he can sit for 4 hours in an 8-hour workday, and stand/walk for 4 hours in an 8-hour workday." (R. at 17).

Overall, Plaintiff's accident, work history and conservative treatment following the accident supported ALJ's "light work" RFC determination. (R. at 17-19). ALJ considered the evidence in the record and found that there was an underlying medically determinable physical

2

impairment. However ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not substantiated by objective medical evidence and were not entirely credible. (R. at 17). Although Plaintiff alleged he could do very little due to the pain and numbness, his treatment following the post-accident surgery had been extremely conservative consisting only of medications. (R. at 18).

The record contains no documentation of any other medical treatment other than anti-inflammatory medication during the period between Plaintiff's alleged disability onset date in January 1996 and his DLI in December 2000. Further undermining the credibility of Plaintiff's assertions was the fact that Plaintiff was able to return to work following his accident. (R. at 18). ALJ accorded little merit to Plaintiff's testimony concerning a trucking route he supposedly took repeatedly for many years after a review of the trip revealed different information. (R. at 18). Specifically, ALJ reviewed the distance of the trucking route which began in New Jersey and ended in Chicago, Illinois. (Id.). ALJ found Plaintiff's description of the trip, mainly the time it would take for him to complete same, to be incredible based on the distance, average speed of the roadways, and Plaintiff's own testimony regarding intermittent breaks along the way. (Id.). Thus, ALJ held that it was "clear that [Plaintiff's] testimony concerning a trip he supposedly took repeatedly for many years [was] not credible" and "accord[ed] little merit to much of [Plaintiff's] work-related testimony." (Id.).

ALJ also considered Plaintiff's financial records for the years following his accident which suggested Plaintiff had greater abilities than alleged. (R. at 19). Furthermore, ALJ reviewed the remainder of the treatment notes and concluded that the findings were not probative regarding Plaintiff's condition during the relevant period. (R. at 19). ALJ did not apply Grid Rule 202.11, which Plaintiff's attorney argues should have been applied given Plaintiff's age. (R. at 19).

Notwithstanding the finding of the light work RFC, ALJ found Plaintiff's RFC made him unable to perform his past relevant work, where he worked as a tractor trailer driver (Dictionary of Occupational Titles ("DOT") 904.383-010) that is classified as medium, semi-skilled (SVP 4) work, and small business owner (DOT 185.167-046) that is classified as light, skilled (SVP 7) work. (R. at 19-20, 67-68).

At step-five, with the help of a vocational expert, ALJ concluded that, given the Plaintiff's age, education, experience and RFC, Plaintiff was "capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (R. at 21). ALJ determined the vocational expert's testimony was consistent with the information contained in the DOT. (R. at 21). As such, ALJ concluded that Plaintiff was not disabled through his DLI under sections 216(i) and 223(d) of the Social Security Act, thus ineligible for disability insurance benefits. (R. at 22).

## II. STANDARD OF REVIEW

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the

4

factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

### III. ANALYSIS

Plaintiff argues ALJ's decision should be reversed because there is substantial evidence in the administrative record to establish entitlement and eligibility for and to the benefits he applied for. In the alternative, Plaintiff argues ALJ's decision is not based on substantial evidence, and thus, should be remanded for a new hearing and decision. In support of his contention, Plaintiff argues that ALJ's determination of Plaintiff's RFC of "less than light" is erroneous and instead should have been sedentary or less than sedentary. (Pl. Br. at 11). Plaintiff further contends the RFC determination is not supported by evidentiary rationale and the additional restriction imposed by ALJ, that "[t]he claimant must have a sit or stand at own will options" (R. at1 7), results in him only being able to perform sedentary jobs, thus the determination should have rendered the RFC as sedentary or less than sedentary. (Pl. Br. at 11-14). According to Plaintiff, as a result of this error, his disability claim was denied at step five of the sequential evaluation, because of the ability to perform the requirements of unskilled sedentary work. (Pl. Br. at 14). Defendant argues that substantial evidence supports ALJ's RFC analysis and finding of non-disability. (Opp. Br. at 6). The Commissioner further asserts that Plaintiff's conservative course of treatment between his alleged disability onset date and his DLI, Plaintiff's work history and earnings history, and his limited treatment in 2013 provided substantial support for ALJ's "light work" RFC determination. (ECF No. 27 ("Def. Br.") at 7).

Plaintiff further argues that if ALJ had rendered Plaintiff's RFC as sedentary, ALJ should have found him disabled based on the Medical-Vocational Guidelines (the "Grids") by using the older age category given his borderline age. (Pl.'s Br. at 16-22, 28-29). Defendant opposes this

5

argument by noting that, even assuming the Grids should have been applied, the Regulations do not require a mechanical application of the Grids where a borderline situation exists and Plaintiff did not meet his burden to show vocational adversities supporting the application of the higher age category. (Opp. Br. at 9-12). Furthermore, Plaintiff argues that ALJ erred by not obtaining a medical expert to determine the onset date of disability. (Pl.'s Br. at 26-30). The Commissioner contends, pursuant to SSR 83-20, an administrative law judge is not required to seek medical expert testimony concerning a disability onset date in cases where the administrative law judge does not make a finding of disability, thus, Plaintiff's argument fails. (Opp. Br. at 7-8).

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(1). At step one, an administrative law judge assesses whether the claimant is currently performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and, thus, the process ends. *Id.* If not, the administrative law judge proceeds to step two and determines whether the claimant has a "severe" physical or mental impairment or combination of impairments. 20 C.F.R.

§ 416.920(a)(4)(ii). Absent such impairment, the claimant is not disabled. *Id.* Conversely, if the claimant has such impairment, an administrative law judge proceeds to step three. *Id.* At step three, an administrative law judge evaluates whether the claimant's severe impairment either meets or equals a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* Otherwise, an administrative law judge moves on to step four, which involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings . . . ." *Id.* at 263 n.2 (citing *Bowen*

v. *Yuckert*, 482 U.S. 137, 146-47 n.5 (1987)). An administrative law judge bears the burden of proof for the final step. *See id.* at 263.

Both parties agree that the issues on appeal are whether or not ALJ's finding that Plaintiff was not disabled was based on substantial evidence and whether the Medical-Vocational Guidelines should have been applied. (Pl. Br. at 9; Ioo. Br. at 2). Specifically, the question is whether the record contains substantial evidence supporting the ALJ's RFC assessment and finding of non-disability. Pursuant to 42 U.S.C. 405(g), a District Court has plenary review of the Commissioner's findings of fact to determine whether they are supported by substantial evidence. *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003). The Third Circuit directive is clear that if the Court finds that substantial evidence supports the Commissioner's decision, the Court must affirm even if the Court would have decided the legal issues or factual circumstances differently. *Hartranft*, 181 F.3d at 360.

Here, in determining the RFC, ALJ considered the evidence in the record and found that there was an underlying medically determinable physical impairment. However, ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not substantiated by objective medical evidence and were not entirely credible. (R. at 17). Plaintiff's conservative course of treatment between his alleged disability onset date and his DLI, Plaintiff's work history and earnings history, and his limited treatment in 2013 provided substantial support for ALJ's RFC determination. (Opp. Br. at 7).

Additionally, the administrative record was devoid of any evidence to support Plaintiff's contentions and allegations regarding his pain and purported disability. *See Phillps v. Barnhart*, 91 F. App'x 775, 782 3d Cir. 2004) (concluding that claimant's "conservative treatment history[, along with no additional evidence,] support[ed] the ALJ's determination that [claimant's]

subjective complaints of pain were not entitled to full credence"). Finally, as noted above, the law is clear that ALJ was under no obligation to use the older age category given Plaintiff's borderline age or to seek medical expert testimony concerning a disability onset date, thus, Plaintiff's arguments fail. Accordingly, the Court finds the ALJ's decision was based on substantial evidence of record. As such, this matter shall be affirmed.

## IV. CONCLUSION

For the aforementioned reasons, the Court affirms ALJ's decision.

DATED: December 12th, 2017

JOSE L. LINARES
Chief Judge, United States District Court